UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

ELIZABETH ANN PIERCE,

          Defendant.

---

S1 18 Cr. 388 (ER)

# THE GOVERNMENT'S REQUESTS TO CHARGE

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for the United States of America

Sarah Lai
Vladislav Vainberg
Assistant United States Attorneys
- Of Counsel -

## <u>TABLE OF CONTENTS</u>

<u>Request No.</u>                                                                                           <u>Page</u>

1.  General Requests ............................................................................................. 2
2.  The Indictment .............................................................................................. 3
3.  Summary of Indictment ................................................................................ 4
4.  Count One: Wire Fraud Generally ............................................................... 5
5.  Count One: Wire Fraud Elements ................................................................ 6
6.  Count One: Wire Fraud – Existence of Scheme or Artifice to Defraud ............................ 7
7.  Count One: Wire Fraud – Participation in Scheme With Intent to Defraud .................... 10
8.  Count One: Wire Fraud – Use of Interstate Wires ........................................... 10
9.  Count One: Wire Fraud – Good Faith .......................................................... 10
10. Count One: Wire Fraud – No Ultimate Harm ............................................... 13
11. Negligence of Victim Not a Defense ........................................................... 13
12. Counts Two through Nine: Aggravated Identity Theft - Elements ................................. 15
13. Counts Two through Nine: Aggravated Identity Theft – Transfer, Possession, or Use of
    Means of Identification of Another Person ..................................................... 20
14. Counts Two through Nine: Aggravated Identity Theft – During and In Relation to Fraud
    20
15. Counts Two through Nine: Aggravated Identity Theft – Knowingly and Without Lawful
    Authority ..................................................................................................... 20
16. Concious Avoidance ................................................................................... 21
17. Venue ........................................................................................................ 21
18. Variance in Dates and Amounts ................................................................. 22
19. Particular Investigative Techniques Not Required ...................................... 22
20. Charts and Summaries – Not Admitted as Evidence ................................... 23
21. Charts and Summaries – Admitted as Evidence .......................................... 25
22. Testimony of Law Enforcement Officers ................................................... 30
23. Stipulations ............................................................................................... 31
24. Preparation of Witnesses ........................................................................... 32
25. Persons Not On Trial ................................................................................. 33
26. Limiting Instruction – Similar Act Evidence ............................................. 29
27. Uncalled Witnesses – Equally Avaialble .................................................... 29
28. Evidence Obtained from Searches .............................................................. 30
29. Redaction of Evidentiary Items ................................................................. 31
30. Consciousness of Guilt From Evidence of False Exculpatory Statements ..................... 32
31. Defendant's Testimony ............................................................................... 40
32. Defendant's Right Not to Testify ............................................................... 41
33. Character Witness ...................................................................................... 42
34. Statements of the Defendant ...................................................................... 43
35. Sympathy: Oath as Juror ............................................................................ 45
36. Conclusion ................................................................................................. 46

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ELIZABETH ANN PIERCE,

          Defendant.

S1 18 Cr. 388 (ER)

## REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

**<u>REQUEST NO. 1.</u>**

**General Requests**

The parties respectfully request that the Court give its usual instructions to the jury on the following matters:

a.      Function of Court and Jury

b.      Indictment not Evidence

c.      Statements of Court and Counsel not Evidence

d.      Burden of Proof and Presumption of Innocence

e.      Reasonable Doubt

f.      Government Treated Like Any Other Party

g.      Inferences

h.      Definitions and Examples of Direct and Circumstantial Evidence

i.      Credibility of Witnesses

j.      Interest in Outcome

k.      Right to See Exhibits and Have Testimony Read During Deliberations

m.      Punishment Is Not to Be Considered by the Jury

n.      Verdict of Guilt or Innocence Must Be Unanimous

2

## REQUEST NO. 2.

### The Indictment

The defendant, ELIZABETH ANN PIERCE, is formally charged in an Indictment. As I have instructed you already, the Indictment is not evidence of any crime and is simply a way for the Government to present charges in this case. Before you begin your deliberations, you will be provided a copy of the Indictment. I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each offense.

## REQUEST NO. 3.

### Summary of Indictment

The Indictment contains nine counts.  In your deliberations and in reaching your verdict, you must consider each count separately.  I am going to summarize each count, and then give you the law in greater detail.

Count One charges that from at least in or about May 2015, up to and including in or about July 2017, the defendant engaged in a scheme, using interstate wires, to defraud investors, in violation of Title 18, United States Code, Section 1343.

Counts Two through Nine charge that the defendant committed eight instances of aggravated identity theft by using another person's identity in connection with the fraud she is accused of in Count One, in violation of Title 18, United States Code, Section 1028A.

With that summary of the Indictment as background, I will now give you detailed instructions that relate to the crime charged in Count One.

## REQUEST NO. 4.

### Count One: Wire Fraud Generally

Count One charges the defendant with defrauding investors using interstate or foreign wires.  Specifically, Count One charges:

> [The Court is respectfully requested to read Count One].

In a moment, I will explain to you what the term "interstate wires" means, but let me first address the statutory language:

Section 1343 of Title 18 of the United States Code, which is the wire fraud statute, provides in pertinent part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].[1]

---

[1] 18 U.S.C. § 1343; adapted from Sand, Modern Federal Jury Instructions, Instr. 44-1.

## REQUEST NO. 5.

### Count One: Wire Fraud Elements

In order to prove the defendant guilty of Count One, the Government must establish beyond a reasonable doubt the following three elements:

First, that on or about the dates alleged in the Indictment, there was a scheme or artifice to defraud or to obtain money or property by materially false or fraudulent pretenses, representations, or promises, as alleged in the Indictment;

Second, that the defendant knowingly and willfully devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of that scheme, the defendant used, or caused others to use, interstate or foreign wires.[2]

---

[2] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-3 (based on the charge of the Honorable Edward Weinfeld in *United States* v. *Ranney*, 82 Cr. 771 (EW) (1983)); and the charge of the Honorable Michael B. Mukasey in *United States* v. *Uccio*, 88 Cr. 906 (MBM) (1989), aff'd, 917 F.2d 80 (1990); the charge of the Honorable John G. Koeltl in *United States* v. *Szur*, 97 Cr. 108 (JGK)  (1998); and the charge of the Honorable Charles S. Haight, Jr. in *United States* v. *Rogers*, 90 Cr. 377 (1991); *see also United States* v. *Dinome*, 86 F.3d 277, 283 (2d Cir. 1996); *United States* v. *Altman*, 48 F.3d 97, 101 (2d Cir. 1995); *United States* v. *Mittelstaedt*, 31 F.3d 1208, 1216 (2d Cir. 1994); United States v. Miller, 997 F.2d 1010, 1017 (2d Cir. 1993); *United States* v. *Wallach*, 935 F.2d 445, 461 (2d Cir. 1991); *United States* v. *Rodolitz*, 786 F.2d 77, 80 (2d Cir.) (discussing elements of analogous mail fraud violation), cert. denied, 479 U.S. 826 (1986); *Polycast Technology Corp.* v. *Uniroyal, Inc.*, 728 F. Supp. 926 (1989) (elements of wire fraud).

**REQUEST NO. 6.**

**Count One: Wire Fraud**

**(Existence of Scheme or Artifice to Defraud)**

The first element the Government must prove beyond a reasonable doubt as to a wire fraud is that there was either a scheme or artifice to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises. The Government must prove the existence of either type of scheme; it need not prove both to satisfy the first element of the wire fraud statute. One is sufficient.

A "scheme or artifice" is simply a plan, device, or course of conduct to accomplish an objective.

"Fraud" is a general term.  It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth.  The unfair advantage sought can involve money, property, or any other thing of value.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.  The scheme to defraud is alleged to have been carried out by making false or fraudulent statements, representations, claims and documents.

A statement, representation, claim or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was falsely made with the intention to deceive.  Deceitful statements of half-truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.  The deception

7

need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

These false representations and pretenses must be "material." We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance. A "material" fact is one which reasonably would be expected to be of concern to a reasonable and prudent person relying on the statement in making a decision. That means if you find a particular statement of fact to have been untruthful, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such a decision. In particular, you must find that the statement or omission was one that would have mattered to a reasonable person in a pecuniary or monetary way. Actual reliance by the person on the representations is not required; it is sufficient if the misrepresentation is one that is capable of influencing the person's decision and is intended by the defendant to do so.[3]

In addition to proving that a pretense, representation, promise, or statement was false or fraudulent and related to a material fact, in order to satisfy this first element, the Government must prove that the alleged scheme contemplated depriving another of money or property. The Government is not required to prove that the scheme or artifice to defraud actually succeeded— that is, the Government is not required to prove that the defendant realized any gain from the

---

[3] Adapted from Sand, Modern Federal Jury Instructions, Instr. 44-2. *See also United States v. Weaver*, 860 F.3d 90, 94 (2d Cir. 2017) (describing the essential elements of wire fraud); *United States v. Rogers*, 90 Cr. 377 (S.D.N.Y. 1991); *United States v. Uccio*, 88 Cr. 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990).

scheme, or that the intended victim suffered any loss or harm as a consequence of the fraudulent scheme. The question for you to decide is whether there was such a scheme, not on the consequences of the scheme.  Whether or not the scheme actually succeeded is not a question you may consider in determining whether such a scheme existed.

**REQUEST NO. 7.**

**Count One: Wire Fraud**

(**Participation in Scheme With Intent to Defraud**)

The second element of wire fraud is that the defendant devised or participated in the fraudulent scheme knowingly, willfully, and with the specific intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you.  To "devise" a scheme to defraud is to concoct or plan it.  To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed.  While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

In order to satisfy this element, I remind you that it is not necessary for the Government to establish that the defendant originated the scheme to defraud.  It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant, while aware of the scheme's existence, knowingly participated in it.

It is also not required that the defendant participate in or have knowledge of all of the operations of the scheme and even if she does not participate in all of the scheme's operations. The guilt of the defendant is not governed by the extent of her participation.

It also is not necessary that the defendant have participated in the alleged scheme from the beginning.  A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

10

Even if the defendant participated in the scheme to a lesser degree than others, she is nevertheless equally guilty, so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

Before the defendant may be convicted of the fraud charged here, she must also be shown to have acted knowingly and willfully, and also with a specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. In other words, the defendant's acts must have been the product of her conscious objective, rather than the product of a mistake or accident, or mere negligence or some other innocent reason.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law, although the defendant need not know the specific law she is violating.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another. Here, the loss alleged is to the companies that were presented with purportedly fraudulent documents, including broadband sales contracts and related order forms.

You may infer, but are not required to infer, that people intend the natural and probable consequences of their actions. So when a person's scheme is bound to injure others, fraudulent intent may be inferred from the scheme itself.

Again, the Government does not need to prove that the intended victim was actually harmed; it needs to prove only that the defendant intended to harm the victim by obtaining money or property.

11

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves a person's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past she committed an act with fraudulent intent. This type of direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense."  Using your common sense means that, when you come to decide whether the defendant possessed or lacked an intent to defraud, you need not limit yourself to just what the defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.[4]

Circumstantial evidence, if believed, is of no less value than direct evidence.

---

[4] Adapted from the charge of the Honorable Kimba M. Wood in *United States* v. *Shapiro*, 06 Cr. 357 (KMW) (2009).

**REQUEST NO. 8.**

**Count One: Wire Fraud**

**(Use of Interstate Wires)**

Now, the third and final element to the wire fraud object of the conspiracy is that interstate or foreign wire facilities were used in furtherance of the scheme to defraud.  The term "wire facilities" includes telephones, faxes, e-mail, radios, and television.

The "interstate" or "foreign" requirement means that the wire communication must pass between two or more states as, for example, a transmission of computer signals between New York and another state, such as Alaska, or between the United States and another country.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud.  In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others; and this does not mean that the defendant herself must have specifically authorized others to execute a wire communication.  When one does an act with knowledge that the use of the wire will follow in the ordinary course of business, or where such use of the wires can reasonably be foreseen, even though not actually intended, then she causes the wires to be used.  Incidentally, this wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including the victim of the alleged fraud.

The use of the wire need not itself be fraudulent.  Stated another way, the wire communication need not contain any fraudulent representation, or even any request for money. It is sufficient if the wires were used to further or assist in carrying out the scheme to defraud.

13

Let me add the following: only the wire communication must be reasonably foreseeable, not its interstate or foreign component.  Thus, if you find that the wire communication was reasonably foreseeable, and the interstate or foreign wire communications actually took place, then this element is satisfied even if it was not foreseeable that the wire communication would cross state or national lines.[5]

---

[5] Adapted from Sand, Modern Federal Jury Instructions, Instr. 44-7 (based on the charge of the Honorable Edward Weinfeld in *United States* v. *Ranney*, 82 Cr. 771 (EW) (1983)); the charge of the Honorable Michael B. Mukasey in *United States* v. *Uccio*, 88 Cr. 906 (MBM) (1989), *aff'd*, 917 F.2d 80 (2d Cir. 1990); the charge of the Honorable Charles S. Haight, Jr. in *United States* v. *Rogers*, 90 Cr. 377 (CSH) (1991); and the charge of the Honorable John G. Koeltl, *United States* v. *Szur*, S5 97 Cr. 108 (JGK) (1998); see *United States* v. *Blackmon*, 839 F.2d 900, 907-08 (2d Cir. 1988) (regarding foreseeability of interstate nature of communication); *United States* v. *Keats*, 937 F.2d 58 (2d Cir.) (defendant need not have personally sent charged wire communication; affirming conviction where Government agent and informant initiated charged telephone calls), cert. denied, 502 U.S. 950 (1991); *United States* v. *Muni*, 668 F.2d 87, 89-91 (2d Cir. 1981) (extended discussion of "foreseeability" of wire communication); *Schmuck* v. *United States*, 489 U.S. 705 (1989); *United States* v. *Paccione*, 949 F.2d 1183, 1196 (2d Cir. 1991); *United States* v. Keats, 937 F.2d 58, 64 (2d Cir.).

**REQUEST NO. 9.**

**Count One: Wire Fraud**

(**Good Faith**)

Since an essential element of the crimes charged is an intent to defraud, it follows that good faith on the part of a defendant is a defense to the charge of wire fraud.  A defendant, however, has no burden of establishing a defense of good faith.  The burden is on the Government to prove fraudulent intent beyond a reasonable doubt and, consequently, a lack of good faith.

Under the wire fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent.  However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.  An honest belief in the truth of the representations made by a particular defendant, and an honest belief that all material facts have been disclosed, is a complete defense, however inaccurate the statements may turn out to be.

There is another consideration to bear in mind in deciding whether or not the defendant acted in good faith.  You are instructed that if the defendant participated in the scheme to defraud, then a belief by the defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not mean that the defendant acted in good faith.  If the defendant participated in the scheme for the purpose of causing some financial or property loss to another, then no amount of honest belief on the part of the defendant that the

scheme would succeed (such as ultimately making a profit for the investors) will excuse

fraudulent actions or false representations by her.[6]

---

[6] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-5 (based on the charge of the Honorable Edward Weinfeld in *United States* v. *Ranney*, 82 Cr. 771 (EW) (1983)); the charge of the Honorable Michael B. Mukasey in *United States* v. *Uccio*, 88 Cr. 906 (MBM) (1989), *aff'd*, 917 F.2d 80 (1990); the charge of the Honorable Charles S. Haight, Jr. in *United States* v. *Rogers*, 90 Cr. 377 (CSH) (1991); the charge of the Honorable John G. Koeltl in *United States* v. *Szur*, 97 Cr. 108 (JGK) (1998); and the charge of the Honorable Allen G. Schwartz in *United States* v. *Reinhold*, 97 Cr. 686 (AGS) (1998); *see also United States* v. *Bryser*, 954 F.2d 79, 88-89 (2d Cir. 1992) (mail fraud; Government need not establish that defendant participated in all aspects of scheme), cert. denied, 112 S. Ct. 2939 (1992); *United States* v. *Amrep Corp.*, 560 F.2d 539, 543 (2d Cir. 1977) (holding that defendant may be liable for fraudulent transaction in which he did not directly participate, so long as part of overall scheme) (citations omitted); *United States* v. *Schwartz*, 924 F.2d 410, 420 (2d Cir. 1991) ("It need not be shown that the intended victim of the fraud was actually harmed; it is enough to show defendants contemplated doing actual harm, that is, something more than merely deceiving the victim."); *United States* v. *King*, 860 F.2d 54, 55 (2d Cir. 1988) (same), cert. denied, 490 U.S. 1065 (1989); *United States* v. *Rossomando*, 144 F.3d 197 (2d Cir. 1998).

**REQUEST NO. 10.**

**Count One: Wire Fraud**

(**No Ultimate Harm**)

Acting with intent to defraud requires acting with a purpose to cause actual financial harm to another. Actual financial harm includes denying a person or entity access to money. If a defendant deliberately supplies materially false information in order to obtain money, but believes that no harm will ultimately accrue to the person from which he obtained the money, i.e. that the victim will be better off having entered a lending or investing relationship with the defendant, that belief that no harm will result, or even the fact that no harm results, is no defense.

Thus, if you find that the defendant you are considering intended to inflict harm by obtaining money fraudulently, you may find that the defendant acted with intent to defraud.[7]

---

[7] Adapted from the charge of the Honorable Denise L. Cote in *United States v. Robinson*, 98 Cr. 167 (DLC) (2000); *see also United States v. DiNome*, 86 F.3d 277, 284 (2d Cir. 1996) (definition of property includes right to control the use of assets; intent to defraud where defendant intends to deprive victim of information material to victim's decision on how to deal with assets); *United States v. Rossomando*, 144 F.3d 197 (2d Cir. 1998) (intent to cause harm to victim where defendant obtains loan by means of false information, notwithstanding intent to repay loan, because defendant intended to deprive lender of ability to accurately determine risk); *United States v. Berkovich*, 168 F.3d 64, 66 (2d Cir. 1999) (same).

## REQUEST NO. 11.

### Negligence of Victim Not a Defense

It is also unimportant whether a victim might have discovered the fraud had it probed further.  If you find that a scheme or artifice to defraud existed, it is irrelevant whether you believe that a victim was careless, gullible, or even negligent.  Negligence, carelessness, or gullibility on the part of the victims is no defense to a charge of wire fraud.[8]

---

[8] Adapted from the charge of the Honorable Kimba M. Wood in *United States* v. *Shvartsman*, 04 Cr. 1368 (KMW) (2006).

18

**REQUEST NO. 12.**

**Counts Two through Nine: Aggravated Identity Theft**

**(Elements)**

Counts Two through Nine of the Indictment charge the defendant with eight instances of aggravated identity theft, in violation of Title 18, United States Code, Section 1028A. As alleged in the Indictment, each count relates to a different instance of the use of another person's name on a contract or an order form in connection with the scheme alleged in Count One.

Specifically, Counts Two through Nine charge:

*[The Court is respectfully requested to read Counts Two through Nine].*

Although the same law and legal instructions apply to Counts Two to Nine, in your deliberations and in reaching your verdict, you must consider each count separately.

In order to find the defendant guilty of aggravated identity theft, you must find that the Government proved the following elements beyond a reasonable doubt:

First, that the defendant knowingly transferred, possessed, or used a "means of identification" of another person;

Second, that the defendant transferred, possessed, or used a "means of identification" of another person during and in relation to the offense of wire fraud; and

Third, that the defendant acted knowingly and without lawful authority.[9]

---

[9] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 39A-50, 39A-51.

19

<u>**REQUEST NO. 13.**</u>

**Counts Two through Nine: Aggravated Identity Theft**

<u>**(Transfer, Possession, or Use of Means of Identification of Another Person)**</u>

The first element that the Government must prove beyond a reasonable doubt is that the defendant transferred, possessed, or used a means of identification of another person,

The terms "transfer," "possess," and "use" have their common sense meaning.

The Government need only prove that the defendant <u>either</u> transferred, <u>or</u> possessed, <u>or</u> used a means of identification of another person. It is not necessary that the Government prove more than one of these.

A "means of identification" is:

> Any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including – any name, Social Security number, date of birth, official State or Government issued driver's license or identification number; or unique electronic identification number, address or routing code; or access device.

A "name" means the name of a person;

A "unique electronic identification number" includes a bank, brokerage, or credit account number;

In order to prove this element beyond a reasonable doubt, the "means of identification" must belong to an actual person other than the defendant. The actual person may be alive or dead.[10]

---

[10] Adapted from the charge of the Honorable Kenneth M. Karas in *United States* v. *FNU LNU, a/k/a "Oscar Mario Garcia,"* 10 Cr. 756 (KMK); the charge of the Honorable Deborah A. Batts in *United States* v. *Alalim Barrie*, 07 Cr. 158 (DAB); Sand, *Modern Federal Jury Instructions*, Inst. 35-49, 35-72, and 39A-49; *see also* 18 U.S.C. § 1028(d)(7)(A), (C), (D) (defining "means of identification").

## REQUEST NO. 14

### Counts Two through Nine: Aggravated Identity Theft

### (During and in Relation to Fraud)

The second element the Government must prove beyond a reasonable doubt is that the defendant transferred, possessed, or used a means of identification of another person during and in relation to the wire fraud offense described in Count One of the Indictment.

"During and in relation to" means that the defendant's transfer, use, or possession of a means of identification of another person had a role in or facilitated, or had the potential of facilitating, the commission of the underlying wire fraud offense charged in Count One.[11]

---

[11] Adapted from the charge of the Honorable Kenneth M. Karas in *United States* v. *FNU LNU, a/k/a "Oscar Mario Garcia,"* 10 Cr. 756 (KMK); the charge of the Honorable Robert P. Patterson in *United States* v. *Fleurissaint*, 03 Cr. 906 (RPP); *see also Smith* v. *United States*, 508 U.S. 223, 239 (1993) (defining "during and in relation to" with regard to 18 U.S.C. § 924(c)).

21

**REQUEST NO. 15.**

**Counts Two through Nine: Aggravated Identity Theft**

(**Knowingly and Without Lawful Authority**)

Third, and finally, the Government must also prove beyond a reasonable doubt that the defendant acted knowingly and without lawful authority in transferring, possessing, or using the means of identification of another person.

As I have already said with respect to Count One, to act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

With regard to the defendant's knowledge, I instruct you that, in order for the Government to satisfy its burden of proof as to this element on each of the aggravated identity theft counts, the Government must prove beyond a reasonable doubt that the defendant knew that the means of identification transferred, possessed, or used belonged to an actual person.

To act "without lawful authority" means to act without authorization from someone who has authority to give such authorization.[12]

---

[12] Adapted from the charge of the Honorable Kenneth M. Karas in *United States* v. *FNU LNU, a/k/a "Oscar Mario Garcia,"* 10 Cr. 756 (KMK); the Honorable Shira A. Scheindlin in *United States* v. *William Nkrumah*, 07 Cr. 137 (SAS); and Sand, *Modern Federal Jury Instructions*, Instr. 39A-49; *see also Flores-Figueroa* v. *United States*, 129 S. Ct. 1886 (2009).

## REQUEST NO. 16.

### Conscious Avoidance

*[If Applicable]*

As I explained, all of the counts charged require the Government to prove that the defendant acted knowingly.  In determining whether the defendant acted knowingly with respect to these charges, you may consider whether the defendant deliberately closed her eyes to what otherwise would have been obvious. That is what the phrase "conscious avoidance" refers to.

As I told you before, acts done knowingly must be a product of a person's conscious intention. They cannot be the result of carelessness, negligence, or foolishness. But a person may not intentionally remain ignorant of a fact that is material and important to her conduct in order to escape the consequences of criminal law. We refer to this notion of intentionally blinding yourself to what is staring you in the face as conscious avoidance.

An argument by the Government of conscious avoidance is not a substitute for proof of knowledge; it is simply another factor that you, the jury, may consider in deciding what the defendant knew. Thus, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that a fact was so, but that the defendant deliberately avoided confirming this fact, such as by purposely closing her eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge.

A person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he or she deliberately avoided learning explicitly what was obvious anyway, that person did not actually know the incriminating fact.

23

In sum, if you find that the defendant believed there was a high probability that a fact was so and that the defendant deliberately and consciously avoided learning the truth of that fact, you may find that the defendant acted knowingly with respect to that fact. However, if you find that the defendant actually believed the fact was not so, then you may not find that she acted knowingly with respect to that fact. You must judge from all the circumstances and all the proof whether the Government did or did not satisfy its burden of proof beyond a reasonable doubt.[13]

---

[13] Adapted from the charge in *United States v. Datta*, S1 11 Cr. 102 (LAK). *See also United States v. Kozeny*, 667 F.3d 122, 132 (2d Cir. 2011) (the "jury may be instructed on conscious avoidance only where '(1) the defendant asserts the lack of some specific aspect of knowledge required for conviction, and (2) the appropriate factual predicate for the charge exists, i.e. , the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact.'") (*quoting United States v. Ferrarini*, 219 F.3d 145, 154 (2d Cir. 2000)); *United States v. Reyes*, 302 F.3d 48, 54 (2d Cir. 2002) (in addition to actual knowledge, "a defendant can also be said to know a fact if he 'is aware of a high probability of its existence, unless he actually believes that it does not exist.'") (*quoting Leary v. United States*, 395 U.S. 6, 46 n.93 (1969)); *United States v. Ferrarini*, 219 F.3d 145, 154 (2d Cir. 2000) ("A conscious avoidance instruction permits a jury to find that a defendant had culpable knowledge of a fact when the evidence shows that the defendant intentionally avoided confirming the fact.").

## REQUEST NO. 17.

### Venue

In addition to all of the elements I have described, with respect to each Count, you must consider the issue of venue, namely, whether any act in furtherance of the unlawful activity alleged in the Count you are considering occurred within the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties.

I should note that the Government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence.  Thus, the Government has satisfied its burden on this issue if you conclude that it is more likely than not that venue exists in the Southern District of New York.  But I remind you that the Government must prove all other elements of the offenses beyond a reasonable doubt.

If you find that the Government has failed to prove the venue requirement with respect to a given count, then you must acquit the defendant of that count.[14]

---

[14] Adapted from the charge of the Hon. Colleen McMahon in *United States* v. *Omar Gonzalez*, 10 Cr. 588 (S.D.N.Y. 2010); Sand, *Modern Federal Jury Instructions*, Instr. 3-11.

**REQUEST NO. 18.**

**Variance in Dates and Amounts**

You will note that the Indictment refers to various dates and amounts.  It does not matter if the Indictment charges that a specific act occurred on or about a certain date or that a certain dollar amount was involved and the evidence indicates that, in fact, the act occurred on a different date or that a different dollar amount was involved. The law requires only a substantial similarity between the dates and amounts alleged in the Indictment and the dates and amounts established by the evidence.[15]

---

[15] Adapted from the charge of the Honorable Edward Weinfeld in *United States* v. *Della Rocca*, 72 Cr. 217 (S.D.N.Y. 1972), from the charge of the Honorable Charles Metzner in *United States* v. *Koss*, aff'd, 506 F.2d 1103 (2d Cir. 1974), and from the charge of the Honorable Kenneth M. Karas in *United States* v. *Constance Post and Wayne Charles*, 08 Cr. 243 (KMK).

## REQUEST NO. 19.

### Particular Investigative Techniques Not Required

*[If Applicable]*

You may have heard reference to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why it used the techniques it did, or why it did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.  Your concern is to determine whether, on the evidence or lack of evidence, the defendant's guilt has been proven beyond a reasonable doubt.[16]

---

[16] Adapted from the charges of the Hon. William H. Pauley III in *United States* v. *Meregildo, et al.*, 11 Cr. 576 (S.D.N.Y. Nov. 28, 2012); and the Hon. Pierre N. Leval in *United States* v. *Mucciante*, 91 Cr. 403 (S.D.N.Y. 1992).

## REQUEST NO. 20.

### Charts and Summaries – Not Admitted As Evidence

*[If Applicable]*

There have been a number of summary charts and exhibits that were shown to you but not admitted into evidence. At the time they were shown to you, I have noted this fact to you. For these charts and exhibits that were not admitted into evidence, they serve merely as summaries and analyses of testimony and documents in the case and are here to act as visual aids for you. It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts. To the extent that the charts conform to what you determine the underlying facts to be, you should accept them. To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.[17]

---

[17] Adapted from the charge of the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (S.D.N.Y. 2008), and Sand, et al., *Modern Federal Jury Instructions*, Instr. 5-13.

## **REQUEST NO. 21.**

### **Charts and Summaries – Admitted As Evidence**

*[If Applicable]*

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries. For these charts and summaries that were admitted into evidence, you should consider them as you would any other evidence.[18]

---

[18] Sand, et al., *Modern Federal Jury Instructions*, Instr. 5-12. *See also* Fed. R. Evid. 1006.

## REQUEST NO. 22.

### Testimony of Law Enforcement Officers

You have heard testimony of law enforcement officers.  The fact that a witness may be employed by the Government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give to that testimony the weight you find it deserves.[19]

---

[19] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 7-16; the Honorable Robert P. Patterson, Jury Charge, *United States* v. *Vadim Chervin*, 10 Cr. 918 (RPP); and the Honorable Michael B. Mukasey, Jury Charge, *United States* v. *Martinez*, 00 Cr. 304 (MBM)

**REQUEST NO. 23.**

**Stipulations**

You have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  It is for you, however, to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.  It is for you, however, to determine the weight to be given to any stipulated fact.[20]

---

[20] Adapted from Hon. Stephen C. Robinson, Jury Charge, *United States* v. *Leight*, 04 Cr. 1372 (S.D.N.Y. 2006); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 5-6.

## **REQUEST NO. 24.**

### **Preparation of Witnesses**

You heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.[21]

---

[21] Adapted from the charge of Hon. Michael B. Mukasey in *United States* v. *Abdul Latif Abdul Salam*, 98 Cr. 208 (S.D.N.Y. 1999).

## **REQUEST NO. 25.**

### **Persons Not On Trial**

You may not draw any inference, favorable or unfavorable, from the fact that any person in addition to the defendant is not on trial here.  You also may not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.[22]

---

[22] Adapted from Hon. Henry Werker, *United States* v. *Barnes*, 77 Cr. 190 (S.D.N.Y. 1977).

### REQUEST NO. 26.

### Limiting Instruction—Similar Act Evidence

*[If Applicable]*

The Government has offered evidence tending to show that on at least one or more occasions, the defendant engaged in conduct similar to the charges in the Indictment.  In that connection, let me remind you that the defendant is not on trial for committing acts not alleged in the Indictment.  You may not consider this evidence as a substitute for proof that the defendant committed any of the crimes charged in the Indictment.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.  This evidence about the defendant was admitted for the limited purposes I will describe and you may consider it only for those limited purposes.

.

First, if you find that the defendant did engage in that other conduct and if you find that the other conduct has sufficiently similar characteristics to that charged in the Indictment, then you may, but you need not, infer that the defendant was the person who committed the acts charged in this Indictment or that the acts charged in this Indictment and the other conduct were part of a common plan or scheme committed by the defendant.

Second, if you determine that the defendant committed any of the acts charged in the Indictment, then you may, but you need not, draw an inference that the uncharged acts are evidence of the background to or development of the charged crimes.

Finally, you may also, but you need not, draw an inference based on those uncharged acts that the defendant acted knowingly and intentionally with respect to the crimes charged in the Indictment, and not because of some mistake, accident, or other innocent reason.

34

The evidence of the defendant's uncharged acts may not be considered by you for any purpose other than what I have just explained to you.  Specifically, you may not consider it as evidence that the defendant is of bad character or has a propensity to commit crime.[23]

---

[23] Adapted from the charges of the Honorable William H. Pauley III in *United States* v. *Meregildo, et al.*, 11 Cr. 576 (WHP) (S.D.N.Y. Nov. 28, 2012) and the Honorable John F. Keenan in *United States* v. *Carrero*, 91 Cr. 365 (JFK) (S.D.N.Y. 1991); and Sand et al., *Modern Federal Jury Instructions*, Instr. 5-25, 5-26.  *See also United States* v. *Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992) ("[U]pon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

## **REQUEST NO. 27.**

### **Uncalled Witnesses—Equally Available**

There are several people whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of those witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.[24]

---

[24] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-7; *see United States* v. *Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *accord United States* v. *Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

**REQUEST NO. 28.**

**Evidence Obtained from Searches**

You heard testimony in this case about the evidence seized in connection with searches conducted by law enforcement officers.  Evidence obtained from this search was properly admitted in this case and may be properly considered by you.  Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.  You must, therefore, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.[25]

---

[25] Adapted from the charge of Hon. William H. Pauley III in *United States* v. *Meregildo*, 11 Cr. 576 (S.D.N.Y. Nov. 28, 2012).

## **REQUEST NO. 29.**

**Redaction of Evidentiary Items**

*[If Applicable]*

We have, among the exhibits received in evidence, some documents that are redacted.

"Redacted" means that part of the document or tape was taken out. You are to concern yourself

only with the part of the item that has been admitted into evidence. You should not consider any

possible reason why the other part of it has been deleted.

**REQUEST NO. 30.**

**Consciousness of Guilt From Evidence of False Exculpatory Statements**

*[If Applicable]*

You have heard testimony that the defendant made certain statements in which she claimed that her conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which the defendant exonerated or exculpated herself was false.

False exculpatory statements can be considered circumstantial evidence of a defendant's consciousness of guilt and may have independent probative value.  If you find that the defendant made a false statement in order to divert suspicion from herself, you may, but are not required to, draw the conclusion that the defendant believed that she was guilty.  You may not, however, draw the conclusion on the basis of this alone that the defendant is, in fact, guilty of the crimes with which she is charged.

Whether or not evidence as to a defendant's statements shows that she believed that she was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.[26]

---

[26] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-11; *see United States* v. *Gaviria*, 740 F.2d 174, 184 (2d Cir. 1984) ("[F]alse exculpatory statements made to law enforcement officials are circumstantial evidence of a consciousness of guilt and have independent probative force") (quoting *United States* v. *Johnson*, 513 F.2d 819, 824 (2d Cir. 1975)).

39

## **REQUEST NO. 31.**

### **Defendant's Testimony**

*[Requested only if the defendant testifies]*

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  In this case, the defendant did testify and she was subject to cross-examination like any other witness.  You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.[27]

---

[27] *See United States* v. *Gaines*, 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

## REQUEST NO. 32.

### Defendant's Right Not to Testify

*[If requested by the defense]*

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that she is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against her may be drawn by you because she did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.[28]

---

[28] Sand, *Modern Federal Jury Instructions*, Instr. 5-21.

**REQUEST NO. 33.**

**Character Witnesses**

*[If Applicable]*

You have heard testimony that the defendant has a reputation for [insert character trait testified to, e.g., honesty and truthfulness] in the community where the defendant lived and worked during the relevant period. That testimony bears on the defendant's character.  Character testimony should be considered together with all of the other evidence in the case in determining the guilt or innocence of a defendant.   If on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that a defendant is guilty, a showing that she previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe she is a person of good repute.

The testimony of a character witness is not to be taken by you as the opinion by the witness as to the guilt or innocence of a defendant. The guilt or non-guilt of a defendant is for you alone to determine, and should be based on all the evidence you have heard in the case.[29]

---

[29] Adapted from Sand et al., *Modern Federal Jury Instructions*, Instr. 5-15, and the charge in *United States* v. *Pujana-Mena*, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).  A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal. *United States* v. *Pujana-Mena*, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing"). The Second Circuit notes that "[I]t might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted. Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime.  In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand." *Id.* at 30 (citations omitted).

## REQUEST NO. 34.

### Statements of the Defendant

*[If Applicable]*

There has been evidence that the defendant made statements to law enforcement authorities.

Evidence of these statements was properly admitted in this case, and may be properly considered by you.  You are to give the statements such weight as you feel they deserve in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations.  I instruct you that the statements were both made and obtained in a lawful manner, and that no one's rights were violated and that the Government's use of this evidence is entirely lawful.[30]

---

[30] Adapted from Sand, Modern Federal Jury Instructions, 5-19 and 5-20, and from the charge of the Hon. Michael B. Mukasey in *United States* v. *Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999) (in context of government's use of tape recordings).

## REQUEST NO. 35.

### Sympathy: Oath as Juror

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is:  Has the Government proved the guilt of the defendant beyond a reasonable doubt?

It is for you and you alone to decide whether the Government has proved that the defendant is guilty of the crimes charged, solely on the basis of the evidence and subject to the law as I have instructed you.  It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt with respect to a particular count, you should not hesitate to render a verdict of acquittal on that count for the defendant. But, on the other hand, if you should find that the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, with respect to a particular count, you should not hesitate because of sympathy or any other reason to render a verdict of guilty on that charge.

45

## REQUEST NO. 36.

### Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant with respect to each count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law.  Under your oath as jurors, you are not to be swayed by sympathy.  You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result.  Both sides are entitled to a fair trial.  You are to make a fair and impartial decision so that you come to a just verdict.

In submitting these requests to charge, the Government reserves the right to submit additional or modified requests at or near the close of evidence.


Dated:  New York, New York
        January 25, 2019

                              Respectfully submitted,

                              GEOFFREY S. BERMAN
                              United States Attorney


                    By:       _____/S/_____
                              Sarah Lai
                              Vladislav Vainberg
                              Assistant United States Attorneys